IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICARDO MIGUEL CINTAS, | Cause No. CV 24-162-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| MISSOULA PROBATION AND PAROLE, JEREMY LIZOTTE, | |
| Respondents. | |

On November 13, 2024, state pro se petitioner Ricardo Miguel Cintas ("Cintas") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, this Court lacks jurisdiction over Cintas's petition and his claims are not cognizable in federal habeas.

1

**Motion to Proceed in Forma Pauperis**

Cintas seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Because his account statement shows he may not be able to afford costs associated with this action, *see* (Doc. 4), the motion will be granted.

**Background**

Following entry of guilty pleas, Cintas was convicted of felony Theft and False Claims to Public Agencies. (Doc. 1 at 3.) He received a 3-year deferred sentence for each conviction, with the sentences ordered to run concurrently. (*Id.*) Written judgment was entered on July 3, 2018. (*Id.* at 2); *see also*, Judg. (Doc. 1-1.) Cintas did not appeal or seek any other form of state collateral review. (*Id.* at 3-4.)

Cintas asserts that his discharge date was July 3, 2021, but that Defendants did not release him from supervision until October of 2022. (*Id.* at 4.) Cintas explains that he was not revoked or resentenced during the 3 years of his state supervision. (*Id.* at 5.) Cintas is presently incarcerated at the Missoula County Detention Center on new and unrelated charges.[1]

Cintas seeks monetary relief in the form of "any and all compensation" for each day that the Missoula Probation and Parole Office kept him on supervision

---

[1] *See*, Missoula County Inmate Jail Roster: https://webapps.missoulacounty.us/jailroster/ (accessed December 3, 2024).

past his official discharge date. (Doc. 1 at 7.)

**Analysis**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Thus, this Court's habeas jurisdiction requires that a petitioner be in custody under the conviction or sentence under attack at the time his federal petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). As set forth above, Cintas discharged the state sentence at issue either in July of 2021, or in October of 2022. But he did not file his petition challenging the judgment of conviction in this Court until November 13, 2024, at least two years after that sentence had expired. Thus, he was not "in custody" under the conviction or sentence under attack at the time of his federal filing.

Additionally, Cintas's request for monetary damages for purportedly serving additional time on his state sentence, does not state a cognizable federal habeas claim. Generally, such challenges must be brought in a civil rights action, filed pursuant to 42 U.S.C. § 1983, and not in a § 2254 habeas petition. *See e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004)(constitutional claims which merely challenge the conditions of a prisoner's confinement or sentence, whether the

3

individual seeks monetary or injunctive relief, fall outside the usual scope of federal habeas petitions and may be brought as civil rights complaints pursuant to § 1983 in the first instance); *see also, Nelson v. Campbell*, 541 U.S. 637, 646 (2004)(noting "damages are not an available habeas remedy"). Accordingly, Cintas is not entitled to the monetary relief he is seeking in this habeas proceeding.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Cintas has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims as pled are not cognizable and

4

there is a lack of jurisdiction, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Cintas's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Cintas's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 4th day of December, 2024.

Donald W. Molloy, District Judge
United States District Court